IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NICK WILLIAM SCHALLER,

          Plaintiff,                      ORDER

    v.                                          08-cv-403-bbc

DR. HEINZL,

          Defendant.

---

On September 5, 2008, Judge Crabb granted plaintiff Nick William Schaller leave to proceed *in forma pauperis* on his claim that defendant Heinzl was deliberately indifferent to his serious medical need when he delayed treatment to plaintiff's leg and ankle. Now, one month later, plaintiff has filed a request to move his trial to October 10, 2008. That request will be denied.

There are several reasons for denying such an outlandish request. I mention two. First, this is not how cases are scheduled. Instead, cases are scheduled at a preliminary pretrial conference, which is scheduled after a defendant files a responsive pleading. In this case, defendant Heinzl was only recently served, and has yet to file a responsive pleading. Plaintiff may rest assured that his case will be scheduled in due time, when he has his preliminary pretrial conference. Currently, trials before Judge Crabb are being scheduled for the fall of 2009.

Second, even if plaintiff's trial could be scheduled sooner than that, his request to

1

expedite his case would nonetheless be denied because plaintiff provides no good reason for so doing. Instead, plaintiff's request is grounded in the fact that defendant has yet to respond to his requests for mediation or his $51 million dollar settlement request. Plaintiff's desire to get his way right now does not warrant speeding up his case.

One final matter. Since plaintiff has been granted leave to proceed, he has filed a copy of a letter sent to defendant's counsel negotiating settlement, an itemized list of damages and three affidavits. Plaintiff should not file copies of his settlement negotiations; they are none of the court's business. Such negotiations are not even admissible as evidence. Fed. R. Ev. 408, As for plaintiff's itemized list of damages and affidavits, none of those are necessary or even useful at this early stage of the proceedings. When plaintiff receives the preliminary pretrial conference order, he will receive information regarding the timeline of the case and when such filings are appropriate.

ORDER

IT IS ORDERED that plaintiff's motion to move his trial to October 10, 2008, dkt. #16,

is DENIED.

Entered this 7th day of October, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge