IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NICK WILLIAM SCHALLER,

                ORDER

     Plaintiff,

                08-cv-403-bbc

  v.

DR. HEINZL,

     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   In this case, plaintiff Nick William Schaller alleges that defendant Heinzl violated his Eighth Amendment rights by delaying treatment to plaintiff's leg and ankle. Now defendant has filed a motion for judgment on the pleadings and to stay discovery, contending that plaintiff has failed to exhaust his administrative remedies. Magistrate Judge Crocker granted defendants' motion to stay discovery, which leaves the question whether plaintiff's case should be dismissed for failure to exhaust his administrative remedies. Because the pleadings leave open the possibility that plaintiff did exhaust, I will deny defendants' motion for judgment on the pleadings and lift the stay on discovery.

   As an initial matter, plaintiff first opposed defendants' motions by filing a brief in opposition, dkt. #31. Later, however, he decided he had more to say on the matter and

1

submitted three additional documents opposing defendants' motion: two "motion[s] to dismiss" defendant's motion, dkts. ##35-36, and one surreply brief, dkt. #38. These additional documents will be disregarded because plaintiff did not have permission to file extra documents. Generally, a party opposing a motion gets one opportunity to respond to the motion. Next, in one of the "motions," plaintiff mentions in passing that he would like to "move the courts on an injunction to move [him] to another prison facility that has medical facilities." Dkt. #35, at 3. If plaintiff wishes to receive injunctive relief before his case is resolved, he must do so pursuant to the court's procedures for filing motions for preliminary injunction. At this time plaintiff's motion for injunctive relief will be denied without prejudice to his refiling the motion in accordance with this court's procedures, a copy of which is attached to this order.

Turning to defendant's motion for judgment on the pleadings, defendant contends that plaintiff undermined his claim by alleging facts that show he did not exhaust his administrative remedies. In particular, plaintiff alleged the following in his complaint, a form complaint commonly used by pro se prisoners:

> B. Have you filed a grievance concerning the facts relating to this complaint? <u>Yes</u>
>
> C. If you have used the grievance process:
>
> > 1. Describe what you did and the result, if any.
> >
> > <u>I filed many kike's [sic], request form, medical request slips finally I filed</u>

<u>request slips to Warden and A.I.C.E. to Ms. [sic] and to Ms. Warner."</u>

2.  Is the grievance process completed?  <u>Not Yet</u>

Plaintiff acknowledges that he stated that the grievance process was not completed, but he explains that he thought the form question was asking whether he had received the relief he requested, in this case having defendant send him to St. Mary's or a professional orthopedic surgeon.  As I explained upon screening the complaint, the court must read the allegations of plaintiff's complaint generously because he is a pro se prisoner.  <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972).  In this case, that means accepting the possibility that plaintiff did not understand the technical legal meaning of whether his "grievance process [had been] completed." Defendant's motion for judgment on the pleadings will be denied because when plaintiff alleged that he had not completed the grievance process, he was not alleging that he failed to exhaust his administrative remedies.  Although defendant points out that he has filed an answer in which he alleges that plaintiff did not exhaust and asserts failure to exhaust as a defense, defendant's allegations do not change the result: the pleadings leave open the possibility that plaintiff *did* exhaust.

Because the pleading standards under the Federal Rules of Civil Procedure are liberal and pro se litigants must be treated fairly, it is this court's view that failure to exhaust is almost always better left for summary judgment, when the relevant facts can be developed. As defendant's counsel is aware, defendant could have filed an early and streamlined motion

3

for summary judgment on the issue of exhaustion. (Indeed, it is curious that defendant's counsel did not simply wait and file an early motion for summary judgment in this case, a tactic the Attorney General's office has used before. Perhaps it can be explained by plaintiff's late submission of evidence suggesting that he probably *did* exhaust: on July 10, 2008, before his complaint was filed, plaintiff had an inmate complaint rejected in which he "referr[ed] to issues related to the treatment [plaintiff] is receiving from Dr. Heinzl regarding his leg" on the ground that plaintiff had "exhausted his remedies in the ICRS" on that matter. Dkt. #38, at 3.)

ORDER

IT IS ORDERED that

1. Plaintiff Nick William Schaller's motion for a preliminary injunction, dkt. #35, is DENIED without prejudice to plaintiff's refiling at a later date.

2. Defendant Dr. Heinzl's motion for judgment on the pleadings, dkt. #26, is DENIED.

4

3. The stay on discovery that was ordered December 18, 2008, dkt. #30, is LIFTED.

Entered this 20th day of January, 2009.

        BY THE COURT:

        /s/

        _____
        BARBARA B. CRABB
        District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PROCEDURE TO BE FOLLOWED ON MOTIONS FOR INJUNCTIVE RELIEF

> *NOTE WELL:* **It is the duty of the parties to present to the court, in the manner required by this procedure, all facts and law necessary to the just, speedy and inexpensive determination of this matter. The court is not obliged to search the record for facts or to research the law when deciding a motion for injunctive relief.**

### I. NOTICE

A. It is the movant's obligation to provide **actual** and **immediate** notice to the opposing party of the filing of the motion and of the date set for a hearing, if any.

B. The movant must serve the opposing party **promptly** with copies of all materials filed.

C. Failure to comply with provisions A and B may result in denial of the motion for this reasons alone.

### II. MOVANT'S OBLIGATIONS

A. It is the movant's obligation to establish the factual basis for a grant of relief.

    1. In establishing the factual basis necessary for a grant of the motion, the movant must file and serve:

        (a) A stipulation of those facts to which the parties agree; or

        (b) A statement of record facts proposed by the movant; or

        (c) A statement of those facts movant intends to prove at an evidentiary hearing; or

        (d) Any combination of (a), (b) and (c).

    2. Whether the movant elects a stipulation or a statement of proposed facts, it is the movant's obligation to present a precisely tailored set of factual propositions that movant considers necessary to a decision in the movant's favor.[1]

---

[1] These factual propositions must include all basic facts necessary to a decision on the motion, including the basis for this court's jurisdiction, the identity of the parties and the background of the

6

        (a)        The movant must set forth each factual proposition in its own separately numbered paragraph.

        (b)        In each numbered paragraph the movant shall set cite with precision to the source of that proposition, such as pleadings,[2] affidavits,[3] exhibits, deposition transcripts, or a detailed proffer of testimony that will be presented at an evidentiary hearing.

B.    The movant must file and serve all materials specified in II. A with the movant's supporting brief.

D.    If, the court concludes that the movant's submissions do not comply substantially with these procedures, then the court, at its sole discretion, may deny summarily the motion for injunctive relief, cancel any hearing on the motion, or postpone the hearing.

### III. RESPONDENT'S OBLIGATIONS

A.    When a motion and supporting materials and brief have been filed and served in compliance with Section II, above, the opposing respondent(s) shall file and serve the following:

    1.    Any affidavits or other documentary evidence that the respondent chooses to file and serve in opposition to the motion.

    2.    A response to the movant's statement of proposed findings of fact, with the respondent's paragraph numbers corresponding to the movant's paragraph numbers.

        (a)        With respect to each numbered paragraph of the movant's proposed findings of fact, each respondent shall state clearly whether the proposed finding is not disputed, disputed, or disputed in part. If disputed in part, then the response shall identify

---

parties' dispute. The movant should not include facts unnecessary to deciding the motion for injunctive relief.

[2] The pleadings, however, are not evidence. Therefore, the movant may use the pleadings as a source of facts *only if* all parties to the hearing stipulate to these facts on the record.

[3] Affidavits must be made on personal knowledge setting forth facts that would be admissible in evidence, including any facts necessary to establish admissibility.

7

                    precisely which part is disputed.

        (b)    For each paragraph disputed in whole or in part, the response shall cite with precision to the evidentiary matter in the record or to the testimony to be presented at the hearing that respondent contends will refute this factual proposition.

  B.    The response, in the form required by III A., above, shall be filed and served together with a brief in opposition to the motion for injunctive relief no later than the date set by the court in a separately issued briefing schedule.

  C.    There shall be no reply by the movant.

### IV. HEARING

If the court determines that a hearing is necessary to take evidence and hear arguments it shall notify the parties promptly. It is each party's responsibility to ensure the attendance of its witnesses at any hearing.

11/24/2008

3